UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
FEDERAL INSURANCE COMPANY and :
CLASSIC IMPORTS, INC., :
                                      Plaintiffs, :
                                                                              07 CV 8606 (CM)(RLE)
    -against- :
                                                                               ECF CASE
M/V CMA CGM PUGET, her engines, :
boilers, tackle, etc., CMA CGM (UK) :
SHIPPING INC., PUGET LTD. and :
ARIES LOGISTICS INC., :
                                      Defendants. :
----------------------------------------------------X

## ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM

Defendants, CMA CGM (UK) and PUGET LTD., as and for their Answer to the Plaintiff's Verified Complaint and Cross-Claim against Co-Defendant Aries Logistics, Inc., allege upon information and belief as follows:

1. Admit that this is a claim under the Court's Admiralty and Maritime jurisdiction and, except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 1 of the Verified Complaint.

2. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Verified Complaint.

3. Admit that Puget Ltd. is the Owner of the M/V CMA CGM PUGET and that CMA CGM is the operator or manager of the vessel and that they are common carriers by water and, except as so admitted, deny the remaining allegations set forth in Paragraph 3 of the Verified Complaint.

4. Deny the allegations set forth in Paragraph 4 of the Verified Complaint.

5. Deny the allegations set forth in Paragraph 5 of the Verified Complaint.

6. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Verified Complaint.

7. Paragraph 7 of the Verified Complaint does not call for either an admission or denial.

8. Deny the allegations set forth in Paragraph 8 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

1. The Verified Complaint fails to state a claim on which relief can be granted.

2. If there was any loss and/or damage to cargo as alleged in the Verified Complaint it was occasioned by causes for which these answering Defendants are exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Appx. section 1300, et seq.

3. If this Honorable Court finds that the Plaintiff has suffered damages to cargo for which these answering Defendants are liable, said damages must be limited pursuant to 46 U.S.C. Appx. section 1304(5).

4. If there was any loss of and/or damage to cargo as alleged in the Verified Complaint, these answering Defendants are not liable to the Plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

5. If there was any loss/and or damage to cargo as alleged in the Verified Complaint, it was occasioned by causes for which these answering Defendants are exonerated under the Harter Act, Title 46 U.S.C. section 190, et seq.

6. These answering Defendants put plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s)

of lading and in the United States Carriage of Goods by Sea Act, 46 U.S.C. Appx. section 1300 <u>et seq.</u>

7. Any loss or damage to the goods, as alleged in the Verified Complaint, that may have occurred while they were in the possession or custody of these answering Defendants on board the carrying vessel(s) arose from the conditions of the goods when delivered to the vessel and/or to these answering Defendants, or from wastage in bulk or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and these answering Defendants are not under any liability for any such loss or damage.

8. Due diligence was used to make the carrying vessel(s) seaworthy and to ensure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. Appx. section 1300 <u>et seq.</u> and the aforesaid bill(s) of lading.

9. Any damages sustained by Plaintiff, as alleged in the Verified Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom these answering Defendants had no control.

10. Any damages that may have been sustained by Plaintiff, as alleged in its Verified Complaint, occurred as a direct result of Plaintiff's own negligent conduct, and not by any negligence of these answering Defendants and, as such, Plaintiff is barred from recovery in this action.

11. Plaintiff has failed to mitigate its damages.

12. The forum is inconvenient and the Verified Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

13. The action is founded upon improper venue and should be transferred pursuant to 28 U.S.C. § 1404.

14. The terms of the bill of lading, tariff, charter party and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

15. The terms of the bill of lading, tariff, charter party and/or other governing contracts between the parties require that this matter be submitted to binding arbitration.

16. Plaintiff has failed to properly and sufficiently serve process on these answering Defendants.

17. This Court lacks personal jurisdiction over these answering Defendants.

18. Plaintiff is not the real party in interest with respect to the claims and causes of action set forth in the Verified Complaint.

## CROSS-CLAIMS
## AGAINST ARIES GLOBAL LOGISTICS, INC.

1. All of the allegations set forth in the Plaintiff's Complaint and the Cross-Claimants', CMA CGM (UK) SHIPPING LTD. ("CMA CGM") and PUGET LTD. ("Puget"), Answer and Affirmative Defenses as set forth above are incorporated by reference as if set forth fully herein.

2. If Plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of the Defendant Aries Global Logistics, Inc. ("Aries").

3. That if Defendants CMA CGM and Puget are found responsible for any of the loss and/or damage alleged by Plaintiff in its Verified Complaint, then Cross-Claimants CMA CGM and

Puget are entitled to indemnification and/or contribution in whole or in part from the Defendant Aries for such losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, Defendants CMA CGM (UK) Shipping Ltd. and Puget Ltd. demand judgment dismissing the Verified Complaint herein, together with costs, fees, including reasonable attorneys' fees and disbursements of this action; in the alternative, in the event that Defendants CMA CGM (UK) Shipping Ltd. and Puget Ltd., or either one of them, are adjudged liable to Plaintiff, which is denied, then they further demand judgment in their favor on the Cross-Claim against the defendant Aries Global Logistics, Inc. for all sums for which Defendants CMA CGM (UK) Shipping Ltd. and Puget Ltd. or either one of them, may be adjudged liable to Plaintiff, including costs, disbursements and legal fees incurred in defending this action and for such other, further and different relief as the Court may deem just and proper.

Dated:   January 11, 2008
         New York, New York

                              The Defendants,
                              CMA CGM (UK) SHIPPING LTD. and
                              PUGET LTD.

                              By: _____
                              Patrick F. Lennon (PL 2162)
                              LENNON, MURPHY & LENNON, LLC
                              The GrayBar Building
                              420 Lexington Ave., Suite 300
                              New York, NY 10170
                              (212) 490-6050
                              (212) 490-6070 fax
                              pfl@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on January 11, 2008 a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES WITH CROSS-CLAIM was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Patrick F. Lennon